# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDJUAN C. SCOTT,<br><br>            Plaintiff,<br><br>    v.<br><br>VALLADALIO, *et al.*,<br><br>            Defendants. | Case No.  1:20-cv-00705-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Edjuan C. Scott ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on May 20, 2020, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  Plaintiff filed a certified copy of his inmate trust account statement on May 21, 2020.  (ECF No. 5.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  Plaintiff raises various claims regarding excessive force, failure to protect, retaliation, and due process.  (ECF No. 1.)  All of the named defendants are employees of Corcoran State Prison in Corcoran, California, where the events in the complaint are alleged to have occurred.  However, at the time the complaint was filed, Plaintiff was housed at Salinas Valley State Prison in Soledad, California.  Therefore, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed, because he is no longer housed at the institution where the violations allegedly occurred and where the Defendants are employed.  Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to

---

[1] The Court takes judicial notice of the following United States District Court Cases: (1) Scott v. Pittsburg Police Dep't, Case No. 5:09-cv-00862-JF (N.D. Cal.) (dismissed May 15, 2009, as duplicative and for failure to state a claim); (2) Scott v. Clawson, Case No. 3:09-cv-01751-RS (N.D. Cal.) (dismissed October 18, 2010, for failure to state a claim); and (3) Scott v. Beles & Beles Law Firm, Case No. 4:15-cv-01240-DMR (N.D. Cal.) (dismissed June 9, 2015, for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 27, 2020**              /s/ *Barbara A. McAuliffe*          
                                                                  UNITED STATES MAGISTRATE JUDGE